**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ORTIZ MENDOZA, AKA Roberto Ortiz, AKA Roberto Ortiz Mendosa, AKA Robert Ortiz Mendoza, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-72455 <br><br> Agency No. A200-244-692 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2022**
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and SIMON,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

Roberto Ortiz Mendoza (Ortiz Mendoza), a citizen and native of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Ortiz Mendoza also challenges the denial of a requested continuance to apply for a U visa.

We review the agency's adverse credibility determination for substantial evidence. *See Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021). We also review for substantial evidence "factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), *as amended* (citation omitted). "The decision to grant or deny [a] continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (citation, alteration, footnote reference, and internal quotation marks omitted).

Substantial evidence supports the agency's adverse credibility determination based on the omission from Ortiz Mendoza's asylum application of asserted persecutory events. Although Ortiz Mendoza testified that he feared returning to Mexico because he was threatened and assaulted, his grandmother was threatened, and his cousin was murdered, he did not mention these incidents in his asylum

2

application or supporting declaration. These material omissions "regarding what happened to him in Mexico . . . more than adequately support[ed] the agency's factual determination as to [Ortiz Mendoza's] lack of credibility." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022). The immigration judge (IJ) afforded Ortiz Mendoza an opportunity to explain the omissions, but "the IJ and [BIA] were not compelled to accept [his] explanation[s]." *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (citation omitted).

Even if deemed credible, Ortiz Mendoza did not sufficiently demonstrate that he suffered persecution in Mexico warranting withholding of removal.[1] Ortiz Mendoza testified that, prior to his entry into the United States in 1987, he was threatened by "[s]ome people" when he was returning from school, and that, when he was sixteen years old, unidentified individuals "beat [him] up." Ortiz Mendoza also testified that neighbors threatened his grandmother, and that his cousin was murdered by unidentified individuals. Ortiz Mendoza has not returned to Mexico

---

[1] Contrary to Ortiz Mendoza's assertion that the BIA failed to address whether he was entitled to a waiver of the one-year filing requirement for asylum, the BIA declined to reach this issue because Ortiz Mendoza's "counsel at the time of the merits hearing stated that [Ortiz Mendoza] was not contesting the 1-year bar and that he was only seeking withholding of removal and protection under the Convention Against Torture." Ortiz Mendoza's counsel confirmed before the IJ that Ortiz Mendoza was only seeking withholding of removal and CAT relief. As a result, we limit our review to Ortiz Mendoza's withholding of removal and CAT claims.

in thirty years, and substantial evidence supports the BIA's conclusion that "the threats and one beating he suffered [did] not rise to the level of persecution." *See Sharma v. Garland*, 9 F.4th 1052, 1061-62 (9th Cir. 2021) (explaining that "[w]e have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm," and that "mere threats, without more, do not necessarily compel a finding of past persecution") (citations, alteration, and internal quotation marks omitted).

Substantial evidence also supports the denial of CAT relief because "the combination of [Ortiz Mendoza's] testimony and the non-testimonial evidence . . . [fell] short of demonstrating the particularized and more likely-than-not threat of future torture needed to obtain CAT relief," especially as he "offered no evidence of past torture." *Ruiz-Colmenares*, 25 F.4th at 751.

Finally, the IJ did not abuse her discretion when she denied a continuance for Ortiz Mendoza to apply for a U visa because he had not obtained the requisite documentation to file his application and any visa approval was speculative. *See Singh*, 638 F.3d at 1274 (noting that an IJ is "not required to grant a continuance based on . . . speculation[ ]").[2]

---

[2] Although Ortiz Mendoza maintains that an IJ has jurisdiction to adjudicate waivers of inadmissibility for U visa applicants, we lack jurisdiction over this

(continued...)

**PETITION DENIED.**

---

[2](...continued)
unexhausted issue. *See Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021).